```
       IN THE UNITED STATES DISTRICT COURT FOR THE
              SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION


CLARENCE RASHAAD ADAMS, #275904,:

     Plaintiff,                 :

vs.                             :   CIVIL ACTION 18-0139-JB-M

TERRY RAYBON, et al.,           :

     Defendants.                :
```

REPORT AND RECOMMENDATION

Plaintiff Clarence Rashaad Adams, an Alabama prisoner inmate proceeding *pro se* and *in forma pauperis,* filed an action under 42 U.S.C. § 1983, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).  After careful review of the amended complaint (Doc. 4), it is recommended that, prior to service of process, this action be dismissed without prejudice as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I.   Legal Standards for Screening a Complaint for Maliciousness.

On March 26, 2018, the Court received Plaintiff's complaint on an outdated complaint form.  (Doc. 1).  The Court ordered him to complete and file this Court's current § 1983 complaint form.  (Doc. 3).  Plaintiff complied with the Court's order and filed an amended complaint on this Court's § 1983 complaint form.  (Doc.

4).  In addition, Plaintiff's Motion to Proceed Without Prepayment of Fees was granted (Doc. 8), and he paid the Court-ordered partial filing fee.  (Doc. 10).

Because Plaintiff is proceeding *in forma pauperis* through the granting of his Motion (Doc. 8), the Court is required to screen his amended complaint under 28 U.S.C. § 1915(e)(2)(B).  This section requires the dismissal of a prisoner action if it is determined that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i-iii).

An action is deemed malicious under § 1915(e)(2)(B)(i) when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs it under penalty of perjury, as such a complaint is an abuse of the judicial process warranting dismissal without prejudice as malicious.  *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (affirming the counting as a strike under 28 U.S.C. § 1915(g) an action that was dismissed for an abuse of legal process because the inmate lied under penalty of perjury about a prior lawsuit), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 215-17, 127 S.Ct. 910, 930, 166 L.Ed.2d 798 (2007); *see also, e.g., Schmidt v. Navarro*, 576 F. App'x 897, 898-99 (11th Cir. 2014) (unpublished) (affirming the action's

2

dismissal as malicious because the plaintiff abused the judicial process when he failed to disclose the existence of two prior federal actions in his complaint signed under penalty of perjury);[1] *Sears v. Haas,* 509 F. App'x 935, 935-36 (11th Cir. 2013) (unpublished) (finding an action's dismissal without prejudice as malicious for an abuse of judicial process was warranted where, in a complaint signed under penalty of perjury, the inmate failed to disclose a case filed just five months before and another case filed six years earlier); *Harris v. Warden*, 498 F. App'x 962, 964 (11th Cir. 2012) (unpublished) (dismissing without prejudice an action for abuse of process when the inmate failed to disclose the type of cases the complaint form required him to disclose); *Jackson v. Fla. Dep't of Corrs.*, 491 F. App'x 129, 131-32 (11th Cir. 2012) (unpublished) (affirming the dismissal without prejudice of an inmate's action as malicious because he abused the judicial process when under penalty of perjury he avowed on the complaint form that he had no action dismissed prior to service process even though he had one), *cert. denied*, 569 U.S. 960 (2013); *Redmon v. Lake Cty. Sheriff's Office*, 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (unpublished) (affirming the dismissal without prejudice of the inmate's action that was found to be abusive when he filed a

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

3

complaint signed under penalty of perjury and did not disclose a prior lawsuit relating to his imprisonment or conditions of imprisonment when the complaint form asked for disclosure of such lawsuits); *Shelton v. Rohrs*, 406 F. App'x 340, 340 (11th Cir. 2010) (unpublished) (affirming the dismissal without prejudice of the inmate's complaint under § 1915(e)(2)(B)(i) for an abuse of process after he checked "no" to the complaint form's question asking if he had filed other actions in state or federal court because the case management system reflected he had filed four actions); *Pinson v. Grimes*, 391 F. App'x 797, 799 (11th Cir.) (unpublished) (relying on *Rivera*, the Eleventh Circuit affirmed the determination of an abuse of the judicial process and the issuance of a strike when the prisoner had listed only two prior cases even though he filed two other federal cases within the preceding month), *cert. denied*, 562 U.S. 1013 (2010).

When an action is dismissed without prejudice as malicious, the Court considers whether the action may be re-filed. *See Schmidt*, 576 F. App'x at 899 (affirming a malicious dismissal without prejudice for plaintiff's failure to advise of prior lawsuits, because the statute of limitations did not bar the complaint's re-filing). When a statute of limitations has expired, a dismissal without prejudice is tantamount to a dismissal with prejudice because the plaintiff is unable to re-file an action, and then the court should consider lesser sanctions. *Stephenson*

4

*v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014) (unpublished); *Hines v. Thomas*, 604 F. App'x 796, 800 (11th Cir. 2015) (unpublished). In Alabama, the statute of limitations for filing a § 1983 action is two years. *Lufkin v. McCallum,* 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), *cert. denied,* 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l).

II. Analysis.

This Court's § 1983 complaint form asked Plaintiff to state if he had filed other lawsuits, in state or federal court, that have the same or similar facts involved in his present action or that are related to his imprisonment. (Doc. 4 at 3). Plaintiff answered "no" to the question asking if he had filed a prior lawsuit with similar facts involved in this lawsuit. (*Id.*). And he answered "no" to the question asking if he had filed other lawsuits relating to his imprisonment. (*Id.*). He then signed his amended complaint under penalty of perjury stating that the facts in his amended complaint were true and correct. (*Id.* at 7). And he responded with "N/A" to the form's other questions about prior lawsuits.[2] (*Id.* at 3).

The Court, in screening the complaint under 28 U.S.C. § 1915(e)(2)(B), discovered in its examination of PACER (Public

---

[2] In Plaintiff's original complaint on an outdated complaint form, he answered these same questions in the same manner. (Doc. 1 at 3)

5

Access to Court Electronic Records)³ that Plaintiff previously filed two civil rights actions and two habeas actions that he did not acknowledge when he responded with "no" to having filed other lawsuits related to his imprisonment and did not list those lawsuits when the complaint form asked that he list them and provide certain information about them, namely, *Adams v. Hale,* CA 2:10-cv-02677-VEH-RRA (N.D. Ala. 2010); *Adams v. Smithart,* CA 2:10-cv-00857-TMH-WC (M.D. Ala. 2011); *Adams v. State of Alabama,* CA 2:10-cv-02639-VEH-RRA (N.D. Ala. 2010) (habeas); and *Adams v. Falls,* CA 2:11-cv-00184-JFG-RRA (N.D. Ala. 2011)(habeas).

After discovering and reviewing these prior actions, the Court concludes that Plaintiff did not provide the information requested by the complaint form about his prior actions (Doc. 4 at 3). Therefore, when he filed the present amended complaint on May 14, 2018, he knowingly chose not to list his prior actions, and then he proceeded to sign his amended complaint under penalty of perjury. (*Id.* at 7).

The Court's complaint form requests information about prior actions from a prisoner plaintiff to assist it in determining if the prisoner is barred under 28 U.S.C. § 1915(g) (the "three-strikes" rule), if the action is connected to another action, and

---

³ The Court takes judicial notice of the U.S. Party/Case Index, PACER Service Center, available at *http://pacer.psc.uscourts.gov*. *Grandinetti v. Clinton*, 2007 WL 1624817, at *1 (M.D. Ala. 2007).

6

if the plaintiff is familiar with litigating his claims. *Doctor v. Nichols*, 2015 WL 5546397, at *3 (N.D. Fla. 2015) (unpublished). When the prisoner fails to provide the information about his prior actions on the complaint form, the Court is deprived of this knowledge to assist it in handling the prisoner's action, which causes the Court to expend more resources and time. (*Id.*).

Moreover, the judicial system is structured so that when a plaintiff files a civil action, he certifies to the court that his signed pleading "to the best of [his] knowledge, information and belief, formed after an inquiry . . . is not being presented for any improper purpose . . . and the factual contentions have evidentiary support. . . ." FED.R.CIV.P. 11(a) & (b)(1) & (2). The purpose of Rule 11 is to impress on the signer his personal responsibility of validating "the truth and legal reasonableness of the document" he is filing, which assists in conserving the court system's resources and in avoiding unnecessary proceedings. *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 543, 547, 111 S.Ct. 922, 929, 931, 112 L.Ed.2d 1140 (1991).

Because Plaintiff was not truthful to the Court about his prior litigation in his amended complaint, his action is subject to being dismissed as malicious for abusing the judicial process. The only reason the Court would not recommend the dismissal without prejudice of this action is if the present action could not be re-

7

filed because the two-year statute of limitations had expired.

An examination of the substance of the amended complaint reflects that on March 9, 2017, an altercation occurred which resulted in Plaintiff being stabbed and being found guilty of the disciplinary charges of fighting without a weapon and possession of a knife.  (Doc. 4 at 8-9).  Plaintiff alleges, among other things, there was error in the disciplinary process, a lack of response to his grievances, and a violation of the regulations when he served a 200-day disciplinary sentence.  (*Id.* at 10-11).  Because his claims are based on events that arose on March 9, 2017, and shortly thereafter, his claims are not barred by the two-year of statute of limitations for a § 1983 action.  Because this action can be re-filed, this action is due to be dismissed without prejudice as malicious.

III.  Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because it is malicious.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. §

636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 26th day of September, 2018.

/s/ BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE